### JOHN ADAMS *v.* NATHAN WILLIAMS.

**Execution from State Court—Bankruptcy.**

> Where an execution has been issued from a state court and a levy made prior to the filing of a petition in bankruptcy and the property sold after the petition is filed, the lien of the levy and the title of the purchaser is good, especially where no steps were taken by the assignee or the bankrupt to prevent a sale or to have the matter litigated in the bankrupt court.

#### APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 29, 1878.

OPINION BY JUDGE PRYOR:

The execution had been issued from the state court and levied prior to the filing of the petition in bankruptcy, and the property, after the filing of the petition, was sold and a homestead allotted in accordance with the state law. A lien had been created by the levy of the execution, and there was nothing to prevent the appellant from pursuing a plain remedy pointed out by law for the purpose of making his debt. There were no steps taken by the assignee or the bankrupt to prevent a sale of the land or to have the matter litigated in the bankrupt court. Nor was the appellant compelled to assert his lien in the bankrupt court, for no other reason than a mere notice to him that the petition in bankruptcy was pending. The state court had complete jurisdiction over the parties when the judgment was rendered and the remedy given to make the debt. The debtor had no right to pursue when neither the assignee nor the bankrupt had taken any steps to have the lien enforced elsewhere. The sheriff in this case had seized the property, and although the title had passed to the assignee, he held it subject to that lien, and it was the duty of

the sheriff to sell it unless there had been some proceeding in the bankrupt court to restrain him. The sheriff, in order to sell, was required to set apart a homestead as provided by law. This was done, and the remainder of the tract sold passing the title to the purchaser. Bump on Bankruptcy 276; *Marshall v. Knox,* 8 Nat. B. R. 97; *Wilson v. Childs,* 8 Nat. B. R. 527.

The case cited by counsel is where the creditor had proven his claim and thereby submitted his case to the jurisdiction of the bankrupt court. If the sheriff, as has been repeatedly decided, must go on and make the debt, or sell under the process from the state court, he must enforce the lien created by the execution as required by law. That is, he must treat the defendant as a housekeeper and entitled to the exemption, have the same set apart, and sell the balance, this being subject to the execution; and under such a sale the purchaser acquires a title.

Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*Apperson & Reid, for appellants.    J. J. Cornelison, for appellee.*